UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Leonard Dunnam, Plaintiff
    *Pro Se*

vs. Civil Action No. 1:18-cv-274-HSO-JCG

NICS Defendant

## ANSWER TO COMPLAINT

Defendant National Instant Criminal Background Check System (NICS) of the Federal Bureau of Investigation, by and through the undersigned attorney, answers the Complaint (ECF No. 1) filed against it by Plaintiff Leonard Dunnam in the above-captioned action as follows:

### Defenses

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims.

### THIRD DEFENSE

The Court lacks jurisdiction over any of Plaintiff's claims that have not been administratively presented and/or whose remedies have not been administratively exhausted.

### FOURTH DEFENSE

The Plaintiff is not entitled to any relief under the Second Amendment to the United States Constitution.

### FIFTH DEFENSE

The Plaintiff is not entitled to any relief under the Fifth Amendment to the United States Constitution.

### SIXTH DEFENSE

The Plaintiff is not entitled to any relief under the Sixth Amendment to the United States Constitution.

### SEVENTH DEFENSE

The Plaintiff is not entitled to any relief under the Fourteenth Amendment to the United States Constitution.

### EIGHTH DEFENSE

The Plaintiff's *post hoc* evidence of an alleged fraudulent basis for his involuntary commitment is irrelevant to the underlying firearms purchase denial in 2016 (National Instant Criminal Background Check System Transaction Number #1760972002), as the

NICS is not the originator or owner of the underlying disqualifying record, and is merely a database for information submitted by federal, state and local law enforcement organizations.

### NINTH DEFENSE

Plaintiff is properly prohibited from possessing a firearm under 18 U.S.C. § 922(a)(4), as a result of his involuntary commitment.

### TENTH DEFENSE

The NICS has not received an ATF-approved relief of disability for the Plaintiff, or anything from the record owning agency indicating that Plaintiff's commitment should not bar him from possessing a firearm.

### ELEVENTH DEFENSE

Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

### Response to Complaint

Without waiving any of the other defenses asserted herein, Defendants respond to the specific allegations contained in the Complaint as follows:

### JURISDICTION AND VENUE

1. Plaintiff's Complaint contains no jurisdictional allegation, however, the defendant admits that this is a federal question suit, under the Second Amendment to the U.S. Constitution, the Gun Control Act of 1968 (as amended, 18 U.S.C. §§ 921- 931),

the Brady Handgun Violence Prevention Act, i.e., the Brady Act (Pub.L. 103–159, 107 Stat. 1536, enacted November 30, 1993, as amended), and the implementing regulations thereunder.

2.      The Defendant admits that Plaintiff was advised via letter from the FBI, dated January 31, 2019, that his requested firearms transaction was denied pursuant to Title 18, U.S. Code § 922(a)(4), due to his matching the record of a person who has been "adjudicated as a mental defective or who has been committed to a mental institution."

3.      Defendant asserts that, at the time of the Plaintiff's requested firearm transfer, the Defendant had a legal duty to issue a denial due to the evidence of Plaintiff's ineligibility to purchase a firearm under Title 18, U.S. Code §§ 922(a)(4).  The Defendant has not received any information from the submitting agency (i.e., the George County Chancery Court, in Mississippi) that would permit the modification or removal of the disqualifying information.

4.      Defendant lacks sufficient information to form a belief about the truth of the remaining allegations in the complaint, i.e., that the Plaintiff was the victim of a lie or lies, which resulted in his involuntary psychological commitment to a Mississippi state hospital.  Therefore, that allegation is denied.

5.      Plaintiff requests that the court restore his eligibility to purchase a firearm. The Defendant asserts that the Plaintiff is not entitled to such relief.

Defendant hereby denies any other allegations in the Complaint not expressly addressed in the paragraphs above.

Defendant denies that Plaintiff is entitled to any of the relief that he seeks.

Any allegation not specifically admitted herein is denied.

WHEREFORE, having fully answered plaintiff's complaint, defendant prays that the complaint be dismissed with all costs taxed against plaintiff.

Date: May 6, 2019

Respectfully Submitted,

United States Attorney

*Emily S. Nobile*
Emily S. Nobile, MS Bar No. 101475
Assistant U.S. Attorney
1575 20th Avenue
Gulfport, Mississippi 39501
emily.nobile@usdoj.gov
Telephone: 228-563-1560
Facsimile: 228-563-1571

*Counsel for Defendant*

Of Counsel:

Steven J. Parker
Federal Bureau of Investigation
Office of the General Counsel
935 Pennsylvania Avenue, NW
Room 10140- Office A3
Washington, DC 20535

## Certificate of Service

I hereby certify that on May 6, 2019, I mailed a copy of the above and foregoing discovery document via the United States Postal Service, first class postage prepaid, to the following:

Leonard Dunnam
125 Holmes Dr.
Lucedale, MS 39452

>	s/ *Emily S. Nobile*
>	Emily S. Nobile
>	Assistant United States Attorney